76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Abdul-Jabbor MALIK, Plaintiff-Appellant,
v.
Warden Tom R. KINDT; Associate Warden Calbone, Defendants-Appellees.
 No. 95-6057.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LUCERO, Circuit Judge.
 
 
 1
 Plaintiff Abdul-Jabbor Malik, a federal prisoner, appeals from a judgment dismissing his action against defendants Tom R. Kindt and Sam Calbone brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). We affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 Between February 9 and March 24, 1994, plaintiff was placed in the Special Housing Unit (SHU) at the federal prison at El Reno, Oklahoma, while in transit from one federal prison to another. He was confined in the cell for twenty-three hours a day and was handcuffed whenever he left his cell. He was not permitted to attend Friday night Muslim religious services.
 
 
 3
 Plaintiff commenced this action, alleging his confinement in the SHU violated various constitutional rights. Defendants filed a special report. They moved to dismiss on the ground, inter alia, that they were entitled to qualified immunity. A magistrate judge recommended that the motion to dismiss be treated as a motion for summary judgment and that it be granted because defendants were entitled to qualified immunity. Following a de novo review, the district court adopted the magistrate judge's recommendation and granted defendants' motion for summary judgment.
 
 
 4
 Qualified immunity is a question of law that we review de novo. Liebson v. New Mexico Corrections Dep't, No. 94-2210, 1996 WL 1125, at * 1 (10th Cir. Jan. 2, 1996). We "first determine whether the plaintiff has asserted a violation of a constitutional right at all." Id. (quotation omitted). We "then determine whether that right was clearly established so that reasonable officials in defendants' situation would have understood their conduct violated that right." Id. When qualified immunity is raised, the plaintiff must come forward with facts showing that the defendant's conduct violated the law and that the law was clearly established at the time of the alleged violation. Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir.1995).
 
 
 5
 Plaintiff first argues that he was entitled to notice and a hearing before there was a major change in the conditions of his confinement, specifically, his placement in the SHU. Plaintiff was placed in the SHU as a consequence of being in administrative detention. He was in administrative detention because he was in holdover status and was classified as a high security inmate with maximum custody. R. Vol. I, doc. 10, attach. at 4.
 
 
 6
 "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." Sandin v. Conner, 115 S.Ct. 2293, 2298 (1995)(quotation omitted). "[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983). Therefore, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," and does not involve an interest independently protected by the Due Process Clause. Id.
 
 
 7
 While the government may create liberty interests protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 115 S.Ct. at 2300. However, the Court indicated that confinement in administrative segregation was not the type of "atypical, significant deprivation" in which a liberty interest might be created. Id. at 2301. We therefore conclude the Due Process Clause does not require that plaintiff be provided with notice and a hearing prior to his placement in the SHU. Defendants were entitled to qualified immunity on this claim.
 
 
 8
 Plaintiff points to various provisions of 28 C.F.R. 541.22 that he claims entitled him to certain procedures which were not provided. However, a Bivens action "must be founded upon a violation of constitutional rights," Arcoren v. Peters, 829 F.2d 671, 676 (8th Cir.1987), cert. denied, 485 U.S. 987 (1988), and "a failure to adhere to administrative regulations does not equate to a constitutional violation," Hovater v. Robinson, 1 F.3d 1063, 1068 n. 4 (10th Cir.1993). Plaintiff was not entitled to relief on this claim.
 
 
 9
 Plaintiff also contends that his rights under 42 U.S.C.2000bb, the Religious Freedom Restoration Act of 1993, were violated when he was not allowed to attend Muslim services on six occasions while housed in the SHU. The district court did not address this issue; defendants request that we remand so that it may do so. We agree that a remand for this purpose is appropriate.
 
 
 10
 Plaintiff contends his First Amendment rights to freedom of association and speech were violated when he was restrained in his cell for twenty-three hours a day. Presumably plaintiff's contention is that he was not permitted to socialize with other inmates when confined in his cell. However, he admits he had a cellmate for one week out of his confinement. R. Vol. I, doc. 11 at 16.
 
 
 11
 "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). The Court has recognized that, to accommodate prison institutional needs and objectives, it is necessary to place major restrictions on prisoners' First Amendment rights. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129-30 (1977). First Amendment associational rights may be curtailed whenever prison officials, exercising informed discretion, reasonably conclude that such associations "possess the likelihood of disruption to prison order or stability, or otherwise interfere with the legitimate penological objectives of the prison environment." Id. at 132. "[P]rison administrators are to be accorded wide-ranging deference in adopting and executing policies and practices," and, absent substantial evidence in the record indicating they exaggerated their response to considerations of order, discipline, and security, we will ordinarily defer to their judgment. Ramos v. Lamm, 639 F.2d 559, 579 (10th Cir.1980)(quotation omitted), cert. denied, 450 U.S. 1041 (1981).
 
 
 12
 Plaintiff has pointed to no evidence in the record showing that defendants exaggerated their response to these considerations by restricting his ability to socialize with other inmates the twenty-three hours a day that he was confined in his cell without a cellmate. We therefore conclude defendants were entitled to qualified immunity on his First Amendment claim.
 
 
 13
 Plaintiff's next claim is that being handcuffed every time he left his cell to go to the shower or recreation yard, and being kept in his cell twenty-three hours a day, constituted a seizure in violation of the Fourth Amendment. As the district court recognized, "the Fourth Amendment has no applicability to a prison cell." Hudson v. Palmer, 468 U.S. 517, 536 (1984). However, traditional Fourth Amendment principles still apply when a personal body search of a prisoner is challenged. Dunn v. White, 880 F.2d 1188, 1191 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990).
 
 
 14
 Plaintiff is challenging neither a search of his cell, nor a personal body search. He has cited no case law establishing that use of handcuffs on a prisoner, or his placement in a cell for a certain length of time, constitutes a "seizure" for Fourth Amendment purposes. Certainly he has not shown that the law was clearly established in February and March of 1994 that such measures constituted a seizure. Defendants are entitled to qualified immunity on the Fourth Amendment claim.
 
 
 15
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and the case is REMANDED for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.
 
 
 
 [1]
 At the parties' request, the case is unanimously submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3